475 P.2d 23 (1970)
Frank M. STANBRO, as Treasurer of the County of Jefferson, Colorado, and David R. Braden, as Assessor of the County of Jefferson, Colorado, Plaintiffs in Error,
v.
BAPTIST HOME ASSOCIATION OF COLORADO FOR the AGED, a Colorado Non-Profit Corporation, Defendants in Error.
No. 22828.
Supreme Court of Colorado, En Banc.
October 5, 1970.
Joseph E. Maker, Leonard R. Liss, for plaintiffs in error.
Jarvis W. Seccombe, Denver, Victoria F. Gross, for defendant in error.
McWILLIAMS, Chief Justice.
By this writ of error Frank Stanbro, as Treasurer of Jefferson County, and David Braden, as the Assessor for the same county, seek reversal of a judgment enjoining them from certain acts in their official capacity as county officers. The heart of the controversy, however, concerns a determination by the trial court that certain property situate in Jefferson County which is owned by the Baptist Home Association of Colorado for the Aged, a Colorado non-profit corporation hereinafter referred to as the Home, and used by the Home as a nursing home for the aged is exempt by virtue of C.R.S.1963, 137-1-3(8) from county and state ad valorem taxes for 1964 and 1965. Based on the finding that the subject property is tax exempt, the trial court in its judgment enjoined Braden, the assessor, from applying the tax levy to the property in question and from including it upon the tax rolls as a taxable property. As concerns Stanbro, the treasurer, the trial court enjoined him from attempting to collect taxes on the property in question and also enjoined him from selling it for unpaid taxes and from issuing a treasurer's deed therefor.
Stanbro and Braden, the plaintiffs in error, contend that the judgment thus entered should be reversed for either of two reasons: (1) the failure of the trial court to require the Home to join the Colorado Tax Commission as a party defendant; (2) the allegedly erroneous determination by *24 the trial court that the property under consideration is exempt from general taxation. We agree with the trial court's disposition of both matters.
C.R.S.1963, 137-5-34 provides as follows:
"No injunction shall issue suspending or staying any order of the [Colorado Tax] commission except on ten days notice to the commission of the application for such injunction and a hearing thereon."
In the instant case the Colorado Tax Commission, some time prior to institution of this action, had summarily and apparently without hearing denied the Home's request for tax exempt status. In their brief passing reference is made by plaintiffs in error to an alleged failure on the part of the Home to seek direct review of the action of the Commission. However, this was not raised in the motion for new trial and we therefore elect not to consider the argument.
It is the plaintiff in error's basic contention that the aforesaid statute, namely C.R.S. 137-5-34, in and of itself requires that the Colorado Tax Commission be made a party to the present proceeding and that the trial court erred in refusing to dismiss the action because of this failure of joinder. Assuming only for the sake of argument that the above mentioned statute does apply to a proceeding of the type here instituted by the Home, the statute by its terms only requires that notice be given the Commission. It is to be noted that the issue of notice, as such, is not here raised. There is nothing in this statute, however, which would require that, in addition to notice, the Commission be made a party to the proceeding. Perhaps better procedure would suggest the joining of the Commission as a party defendant even in an action of this nature. Certainly then there would be no question that the Commission had notice. But we find nothing in the statute relied on by plaintiffs in error which requires that the Commission be joined as a party defendant in a proceeding of this type. Therefore the trial court did not commit error when it declined to dismiss the action because of the fact that the Commission had not been joined as a party defendant.
On the merits of the controversy, Stanbro and Braden argue that the Monte Vista Nursing Home for the Aged, which is located on the property owned by the Home, is not "owned and used solely and exclusively for strictly charitable purposes" as required by C.R.S.1963, 137-1-3(8) and that therefore the trial court erred in its determination that the property was tax exempt. See also in this regard Article X, § 5 of the Colorado Constitution.
The reporter's transcript of the testimony given upon trial of this matter is not a part of the record before us. However, the trial court did make some thirty-four findings of fact which were stipulated to by the parties. It is upon these thirty-four findings of fact that the trial court based its conclusions that the Home's property was exempt from general taxation, which conclusion in turn formed the basis for the granting of the injunctive relief referred to above. Braden and Stanbro argue that these thirty-four findings as a matter of law do not support the trial court's determination of tax exempt status.
In United Presbyterian Ass'n. v. Board of County Commissioners, 167 Colo. 485, 448 P.2d 967 this Court recently held that a senior citizens' residential home was not entitled to a tax exempt status inasmuch as the property was not "owned and used solely and exclusively for strictly charitable purposes." See United Presbyterian for an in depth discussion of the general topic here under consideration. In our view, however, the instant case is distinguishable from the United Presbyterian case and the trial court's findings are such as to bring it well within the ambit of such cases as Bishop & Chapter of Cathedral of St. John *25 v. Treasurer of City and County of Denver, 37 Colo. 378, 86 P. 1021, and McGlone v. First Baptist Church, 97 Colo. 427, 50 P.2d 547.
In the first place, the nature of the home in the instant case is markedly different from that in United Presbyterian. There we were concerned with a senior citizens' home for those "fully self sustaining physically," and we pointedly noted that "Highland West is not a nursing home." Here, the Monte Vista Nursing Home for the Aged is, as the name indicates, a home for the aged who are not physically self-sustaining, but on the contrary are in need of nursing care. And in this connection the trial court specifically found that all of the residents of the home in varying degrees were in need of care by trained nurses.
Another finding which distinguishes the instant case from United Presbyterian is the finding of the trial court that Monte Vista permits persons who are financially unable to pay the set price for space to pay a lesser sum therefor, and that as a matter of fact an appreciable number of residents were only paying the reduced rate. Additionally, the trial court found that in the instant case a substantial number of the Home's residents were not paying either the set rate or the reduced rate and that the difference, or at least a part thereof, was being taken up by public welfare agencies, benevolent groups, or by members of the resident's family.
Finally, the manner in which Monte Vista was initially financed is substantially different from that of the senior citizens' home under consideration in United Presbyterian. In the latter case we generally observed that a "quid pro quo" atmosphere permeated the entire operation. Such characterization could not with propriety be made of the Monte Vista Nursing Home for the Aged.
Judgment affirmed.